PENDLETON, President.
The case is as follows: Edward Bolling, having by will devised lands and some slaves to his four brothers, and made some other bequests, among which is a legacy of 100/. to Ms-sister Sarah Tazloell, adds this clause: “ It is my will and desire that my Booh be given up to my brother Robert Bolling, and that he receive all the debts due to me, and pay all that I owe. The rest of my estate, negroes, horses, clothes, and every other part of my estate, not already given, I give to my brother Archibald, for him and his heirs forever.” The testator died in Jlugust, 1770, and probat of his will was granted to Robert, as appointed executor, by the above clause relative to the book: In which character he acted, until his death'in 1775. The appellant being appointed executor of his will, this suit is brought by Archibald Bolling, to have an account of the executorship settled, and what shall appear due to him of the residuary estate, decreed. He particularly requires an account of the crops made, on the several plantations devised, the year the testator died; and whether he was entitled to such profits ? Or, whether they passed to the several devisees of the land ? is the first question to be decided by the Court. It was truly said by the counsel, that by the common law of England, emblements upon lands devised, go with the lands; but, our act of Assembly has controlled that common law, by declaring that when a testator dies, at the season of the year in which Mr. Bolling died, they shall not so pass (I mean the growing crop;) but, that such crop shall he finished, and after easing the lands of the quit rents of that year, and the slaves of levies and cloathing out of those crops, the surplus shall be assets in the hands of the executor, placing this devise upon the same ground as if it had been directed to take effect in December. But, we have had learned discussions upon the derivation and meaning of this term assets; and, from thence, it was attempted to shew, that the executor was only to take it for the purpose of paying debts, if necessary; and as that necessity did not occur in the present case, the law did not operate, but the surplus of those crops passed to the *73 devisees of the land. This argument the Court thinks has no loree, and that under the act, they are personal estate in the hands of the executor to every purpose of paying debts, subject, to the disposition of the will, and, if there he none such, the question occurs, whether the executor sir all take them as undisposed of, or they shall be distributable to the next of kin, as was fully settled by the Court, on mature deliberation, in the case of Shelton v. Shelton, 1 Wash. 53, 64. In that case, there was no disposition of the surplus, and the Court determined upon that will, and the English authorities, that the surplus belonged to the executors: A question, however, which cannot arise in the present case; since the sweeping residuary clause passes every thing undisposed of to Jlrchihald. Upon this point, therefore, the Court is of opinion, that the decree is right. The next, question discussed was, whether Robert Bolling, under the devise respecting the booh, was entitled to the surplus of the debts due to the testator, after paying his debts? Upon this point, the Courtis of opinion, that no beneficial interest in the debts, passed to Robert, hut it was merely an appointment of him to perform the office of executor, to receive and pay debts. That use has been of the words as constituting him executor; and, although, probably, his appointment ought to have been confined to that particular duty, yet, since he was admitted to the office generally, at his request, by the County Court, who had jurisdiction on the subject, and that sentence remains unreversed, the propriety of it is not now to he questioned: especially, as Robert acted under it, as giving him a general authority. That the testator intended to devise this surplus, cannot he inferred from the words of the will; and, although, the answer says, that the defendant hopes to prove that such was his intention, yet no proof to that purpose, if admissible, is brought, forth. The words, “ the book be given tip," relate to the possession, and not to the property in the book, so as to make it apply to the argument, that by giving the book all its benefits passed, like the case of a devise of a bond. Robert Bolling’s power, under this devise, was merely, that of an executor, giving him neither a right to the surplus of the debts, if there was any, nor subjecting him to the payment óf more than he received, 'flic decree, therefore, in this point is also right. The third question is, whether the debt due from Robert to the testator was extinguished by the appointment of Robert executor ? There are no words in *74 the devise to shew that this debt was not to be collected, or accounted for, altho’ the same hand was to pay and receive, as well as all others; so, that it depends upon the general rule. That the debt was extinguished at law, is indisputable; and, though Judges differ as to the reason on which the rule is founded, that seems immaterial; since we are to consider what is the equitable rule on the subject. Many cases were cited to favor the executor’s interest; but, they were generally on questions between the executor and next of kin, whether an undisposed of surplus should be distributed; and, do not apply to this case, where the residuary clause prevents the existence of any such surplus. It seems to be settled in equity, partly in Brown v. Selwin, Cas. Temp. Talb. 240, and in Carey v. Goodinge, 3 Bro. C. C. 110, that the debt is not extinguished, but is to be accounted for as assets; subject to debts, and legacies, and distributable, except in cases where the executor is entitled to the surplus. * The appellee is a legatee, and the decree in his favor on this point also is right.
The other questions being only provisional, in case of a contrary decision of the second question, are, by the decision of that, rendered unimportant, since they will be regulated in the account of administration, which will shew what the residuary legatee is entitled to. Upon the whole, the decree of the Court of Chancery is affirmed.

[* See act Oct. 1785, c. 61, § 67, 12 Stat. Larg. 151; c. 104, § 57, R. C. ed. 1819.]